COMMONWEALTH *vs.* NORMAN OLIVER. January 6, 2005. *Larceny. Embezzlement. Practice, Criminal,* Required finding.

The defendant was charged with larceny over $250 (G. L. c. 266, § 30 [1]) and larceny from a person sixty-five years or more of age (G. L. c. 266, § 25 [*a*]). Following separate trials, he was convicted of both charges. On the defendant's consolidated appeal from both convictions, the Appeals Court reversed on the ground that the evidence was insufficient to establish either larceny by false pretenses or embezzlement. *Commonwealth* v. *Oliver*, 60 Mass. App. Ct. 770, 774-776 (2004). We granted the Commonwealth's request for further appellate review. We agree with the Appeals Court that the evidence was insufficient, and that the defendant's motion for a required finding of not guilty should have been allowed in each case.

With respect to the theory of larceny by false pretenses, the Commonwealth argued that, at the time he accepted deposits from his two customers, the defendant, a home improvement contractor, had no intent to perform the promised work. Before us, the Commonwealth contends that the Appeals Court failed to consider evidence of the defendant's subsequent conduct as probative of his intent at the time he took the deposits. The Appeals Court did not fail to consider that evidence, but merely held that the subsequent conduct shown by the evidence was not sufficient to establish the requisite intent at the time the money was taken. Having reviewed the sparse evidence introduced at trial, we agree with the Appeals Court's assessment that it was too meager to justify the inference that the defendant harbored the requisite intent at the relevant time. *Id.*

On the alternative theory of embezzlement, the Commonwealth contends that the deposit monies were given to the defendant in a position of trust or confidence, and that he thereafter converted the funds to his own use. See *Commonwealth* v. *Mills*, 436 Mass. 387, 394 (2002), and cases cited. Again, we agree with the Appeals Court that the relationship between these home-owners and the defendant contractor was not "confidential or fiduciary" in nature, thus defeating the Commonwealth's theory of embezzlement. *Id.* See *Commonwealth* v. *Geane*, 51 Mass. App. Ct. 149, 153 (2001).

The judgments on the complaints are reversed. Judgment for the defendant shall enter on each of the complaints.

*So ordered.*

*Sidney E. Reavey*, Assistant District Attorney, for the Commonwealth.

*David Keighley* for the defendant.